# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREW FISCINA and HANS CHOE, individually and on behalf of others similarly situated,<br><br>            Plaintiffs,<br><br>    vs.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., a New Jersey Corporation, d/b/a AUDI OF AMERICA, INC., VOLKSWAGEN AG, a German Corporation, and AUDI AG, a German Corporation,<br><br>            Defendants. | No. 2:22-cv-05875-ES-LDW |

## ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, this Court, having carefully reviewed and considered all of the filed submissions relating to the proposed Class Settlement of this Action ("Settlement" or "Class Settlement") including the Plaintiffs' Unopposed Motion for Final Approval of the Class Action Settlement and exhibits thereto (ECF No. 49, the "Motion"), the Parties' Class Settlement Agreement dated August 24, 2023 with exhibits (ECF No. 33-3) ("Settlement Agreement"), the Declaration of Jason Stinehart of Rust Consulting, Inc., the Claim Administrator (ECF No. 47), the three purported objections to the settlement (ECF Nos. 43, 44 and 48), Defendant's Memorandum of Law in Response to Objections and Opt-outs and in Support of Final Approval (ECF No. 50), the withdrawal of the Syphard objection to the

1

Settlement, subject to the Court's approval (ECF No. 50-1), and all other submissions and filings in this Action;

WHEREAS, this Court, having issued its Order Granting Preliminary Approval of Class Action Settlement (ECF No. 38) ("Preliminary Approval Order") which granted preliminary approval of the Class Settlement, provisionally certified, for settlement purposes only, the proposed Settlement Class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3); preliminarily appointed the Settlement Class Representatives, Class Counsel, and the Claim Administrator; approved the form and content of the Class Notice and Claim Form; approved the Parties' Class Notice Plan set forth in the Settlement Agreement ("Notice Plan") as the best notice practicable under the circumstances and comporting in all respects with Fed. R. Civ. P. 23(e) and due process; and directed the dissemination of the Class Notice pursuant to the Notice Plan;

WHEREAS, the approved Notice Plan has been effectuated in a timely and proper manner; and

WHEREAS, this Court having held a Final Fairness Hearing on September 18, 2024, and having carefully considered all of the submissions, arguments and applicable law, and with due deliberation thereon,

NOW, this Court hereby finds, determines, and orders as follows:

1.   **Jurisdiction and Venue.** The Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement. Venue is also proper in this Court.

2.   **Final Approval of the Class Settlement.** The Court hereby grants final approval of the Class Settlement and all of the terms and provisions of the Settlement Agreement. The Court finds that the Class Settlement is fair, reasonable, and adequate, and in all respects satisfies the requirements of Fed. R. Civ. P. 23 and the applicable law.

3.   **Certification of the Settlement Class.** The Court certifies, for Settlement purposes only, the proposed Settlement Class set forth in the Settlement Agreement and in the Preliminary Approval Order (ECF No. 38). The Court finds that, for the purposes of Settlement, the applicable prerequisites for certification of the proposed Settlement Class under Fed. R. Civ. P 23(a) and 23(b)(3) are satisfied, to wit:

   a. The Settlement Class is so numerous that joinder of all members is not practicable, as there are 330,593 Settlement Class Vehicles and approximately 687,971 Settlement Class Members. Fed. R. Civ. P. 23(a)(1).

   b. Questions of law and fact are common to the Settlement Class, Fed. R. Civ. P. 23(a)(2), such as whether the Primary Engine Water

3

>     Pumps in the Settlement Class Vehicles contained an undisclosed common design defect and whether, as a result, Settlement Class Members sustained any monetary damages;
>
> c.  The claims of the Settlement Class Representatives are typical of the claims of the Settlement Class. Fed. R. Civ. P. 23(a)(3). They have alleged the same or similar claims regarding the same vehicles and alleged conduct, the alleged damages apply to the Settlement Class Members in the same or similar manner, and the interests of the Settlement Class Representatives do not conflict with the interests of the Settlement Class.
>
> d.  The Settlement Class Representatives and Class Counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class. Fed. R. Civ. P. 23(a)(4). The Settlement Class Representatives do not have interests that are antagonistic to the Settlement Class and are fully aligned with the interests of other Settlement Class Members. Accordingly, the Court finds that the Settlement Class Representatives have satisfied Rule 23(a) for purposes of evaluating the Settlement.

e. The Court also finds that for settlement purposes only, the questions of law or fact common to class members predominate over any questions affecting only individual members." and that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Indeed, the fact that the Parties are able to resolve the case on terms applicable to the Settlement Class underscores the predominance of common legal and factual questions for purposes of this Settlement.

f. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy under Fed. R. Civ. P. 23(b)(3) because individual Settlement Class Members have not shown any interest in individually controlling the prosecution of separate actions. In addition, because this Action is being settled rather than litigated to conclusion, the Court need not consider manageability issues that might be presented by a trial of this action. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). *Sullivan v. DB Invs.*, 667 F.3d 273, 302-03 (3d Cir. 2011) (*en banc*); *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 519 (3d Cir. 2004).

4. **Notice of the Settlement to the Settlement Class.** The Court finds that Class Notice was timely and properly disseminated and effectuated pursuant to the approved Notice Plan, and that said Notice (including the approved Notice Plan and the approved form and content of the Class Notice) constitutes the best notice practicable under the circumstances and satisfies all requirements of Rule 23(e) and due process.

5. **CAFA Notice.** The Court finds that in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), the Claim Administrator properly and timely caused to be mailed a copy of the proposed Settlement and all other documents required by law to the Attorney General of the United States and the Attorneys General of each State where class members reside and of Puerto Rico. No Attorney General has filed any objection to, or voiced any concern over, the Class Settlement or any of its terms and provisions.

6. **Defined Terms of the Settlement Agreement**. Unless otherwise defined herein, the terms used in this Order that are defined in the Settlement Agreement shall have the same definition and meaning as set forth in the Settlement Agreement.

7. **The Settlement is Fair, Reasonable, and Adequate**. The Court finds that the Class Settlement is fair, reasonable, and adequate, and in all respects satisfies Fed. R. Civ. P. 23. The Settlement provides substantial benefits to, and is

in the best interests of, the Settlement Class, and is particularly fair, reasonable, and adequate when considering the issues of this case including, but not limited to, the disputed nature of the claims, the potential defenses thereto, the risks of non-recovery or reduced recovery to the Settlement Class, the risks of inability to certify a class and/or to maintain any class certification through trial and potential appeal if this action is litigated rather than settled, the substantial burdens, time and expense of further litigation, and the delays of any potential recovery associated with the continued litigation of the Action.

8. **The Class Settlement is the Result of Extensive Arm's-Length Negotiation of Highly Disputed Claims by Experienced Class Action Counsel, and is Not the Product of Collusion.** The Court further finds that the Class Settlement was entered into as a result of extensive and adversarial arm's-length negotiations of highly disputed claims among experienced class action counsel on both sides, and with the assistance of an experienced and highly respected third-party neutral mediator at JAMS. The Settlement is not the product of collusion, and was entered into with a sufficient understanding by counsel of the strengths and weaknesses of the Parties' respective claims and defenses, and of the potential risks versus benefits of continued litigation, including but not limited to the ability to establish and/or extent of establishing liability, alleged damages, class certification, and maintenance of class certification through trial and appeal. In addition, the Court

finds that the issues of Settlement Class Representative service awards and Class Counsel's reasonable attorneys' fees and expenses were not even discussed by the Parties, let alone agreed to, until after agreement had already been reached on the material terms of this Class Settlement, and were, likewise, negotiated at arm's length, without any collusion, and subject to this Court's review and approval.

9. **No Admission of Wrongdoing.** This Class Settlement is a compromise of vigorously disputed allegations and claims. As set forth in the Settlement Agreement, the Court finds that the Settlement, and any documents and submissions relating thereto, do not and shall not constitute a finding of either fact or law regarding the merits of any allegation, claim, fact, issue of law, or defense that was or could have been asserted in this Action. The Court further finds that nothing in this Final Order and Judgment, the Settlement Agreement, the underlying proceedings or negotiations, or any documents, filings, submissions, or statements related thereto, is or shall be deemed, construed to be, or argued as, an admission of, or any evidence of, any allegation, claim, fact, or issue of law that was or could have been asserted in the Action or of any liability, wrongdoing or responsibility on the part of any Defendant or Released Party.

10. **Appointment of Settlement Class Representatives and Class Counsel.** The Court hereby grants final approval and appointment of Plaintiffs Andrew Fiscina and Hans Chose as Representatives of the Settlement Class

("Settlement Class Representatives"), and of the law firm of Sauder Schelkopf LLC as Class Counsel for the Settlement Class ("Class Counsel"). The Court finds that said Settlement Class Representatives and Class Counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class.

11. **Appointment of Claims Administrator.** The Court further grants final approval and appointment of Rust Consulting, Inc. as the Claim Administrator to effectuate its duties and responsibilities set forth in the Settlement Agreement.

12. **Objections and Requests for Exclusion.** Settlement Class Members were duly afforded a reasonable and ample opportunity to object to or request exclusion from the Settlement, and were duly advised of the deadlines and procedures for doing so. Of the approximately 687,971 Settlement Class Members, the Court has received only three (3) purported objections to the Settlement (ECF Nos. 43, 44 and 48)[1] and twenty (20) requests for exclusion. One of the objections (Daniel Syphard, ECF 48), has been withdrawn (ECF 50-2) subject to this Court's approval, which is granted as stated below. And, of the twenty (20) requests for exclusion, eighteen (18) are timely and valid and two (2) are invalid for failure to comply with the requirements for a valid request for exclusion mandated by the

---

[1] As set forth *infra*, the Court finds that these purported objections are both invalid and lack substantive merit.

9

Preliminary Approval Order and recited in the Class Notice (specifically, they are invalid because they do not relate to Settlement Class Vehicles). The Court finds that the very small number of objections and requests for exclusion demonstrates overwhelmingly that the Settlement Class favors the Settlement, and further supports that the Class Settlement is fair, reasonable and adequate, and warranting of final approval by this Court.

13. The Court, having carefully reviewed the all of the relevant filings and submissions, and having addressed the matters at the Final Fairness Hearing, hereby approves and accepts the amicable settlement with and withdrawal of the objection to the Settlement by Daniel Syphard, pursuant to Rule 23(e)(5)(B)(i). Accordingly, this objection is hereby deemed withdrawn. The Court further finds that, had this objection not been withdrawn, it would be overruled on the grounds that it was (i) invalid for failing to comply with the requirements for a valid objection as mandated by the Preliminary Approval Order and recited in the Class Notice, and (ii) without merit in any event.

14. The Court has carefully considered the objections of Bruce Digby (ECF No. 43) and William Radlein (ECF No. 44), and the Parties' submissions (ECF Nos. 49 and 50) and arguments with respect thereto. The Court hereby finds and determines that both of these objections are invalid for failing to comply with the requirements for a valid objection as mandated by the Preliminary Approval Order

10

and recited in the Class Notice, and that notwithstanding their invalidity, both objections are substantively without merit.

15.     The Court finds that the objections are without merit and do not, factually or legally, justify not granting final approval of this Class Settlement. Accordingly, these objections are hereby overruled.

**IT IS THEREFORE ORDERED AND ADJUDGED AS FOLLOWS**:

16.     The Court certifies, for the purpose of settlement, the following Settlement Class consisting of:

> All persons and entities who purchased or leased, in the United States or Puerto Rico, specific model year 2013-2018 Audi A6, A7 and A8 vehicles, model year 2013-2017 Audi Q5 and Audi S5 (Cabrio and Coupe) vehicles, model year 2013-2015 and 2017-2019 Audi Q7 vehicles, model year 2013-2016 Audi S4 vehicles, and model year 2014-2017 Audi SQ5 vehicles, that are equipped with the EA837 and EA837 evo engines and specifically designated by Vehicle Identification Number (VIN) in Exhibit 4 to the Settlement Agreement, which were imported and distributed by Defendant Volkswagen Group of America, Inc. for sale or lease in the United States and Puerto Rico (hereinafter "Settlement Class").
>
> Excluded from the Settlement Class are: (a) all Judges who have presided over the Action and their spouses; (b) all current employees, officers, directors, agents and representatives of Defendants, and their family members; (c) any affiliate, parent or subsidiary of Defendants and any entity in which Defendants have a controlling interest; (d) anyone acting as a used car dealer; (e) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (f) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance

11

company who acquired a Settlement Class Vehicle as a result of a total loss; (g) any insurer of a Settlement Class Vehicle; (i) issuers of extended vehicle warranties and service contracts; (i) any Settlement Class Member who, prior to the date of the Settlement Agreement, settled with and released Defendants or any Released Parties from any Released Claims; and (j) the eighteen (18) Settlement Class Members who filed timely and proper Requests for Exclusion from the Settlement Class reflected in **Exhibit A**.

17. The Court hereby grants final approval of the Class Settlement as set forth in the Settlement Agreement and all of its terms and provisions. The Settlement is fair, reasonable, adequate, and in all respects satisfies the requirements of Fed. R. Civ. P. 23. Specifically, the Court has analyzed each of the factors set forth in Fed. R. Civ. P. 23(e)(2), *Girsh v. Jepson*, 521 F.2 153, 157 (3d Cir. 1975) and *In re Prudential Ins. Co. Am. Sales Practice Litig.*, 148 F.3d 283, 323 (3d Cir. 1998), and also has reviewed the Parties' briefing which extensively addresses these factors (*see* ECF No. 49-1, at 17-26; ECF No. 50, 4-11), and finds that they support, justify, and warrant final approval of this Class Settlement.

18. The Court finds the factors recently added to Fed. R. Civ. P. 23(e)(2) substantially overlap with the factors the Third Circuit has enumerated in *Girsh* and *In re Prudential*, and that each supports final approval of the Settlement.

19. The objection of Daniel Syphard (ECF No. 48) is hereby deemed withdrawn. Moreover, if it had not been withdrawn, it would have been overruled.

20. The objections of Bruce Digby (ECF No. 43) and William Radlein

(ECF No. 44) are hereby overruled.

21. The Court excludes from the Settlement and Release, on the basis of their timely and valid requests for exclusion, the eighteen (18) Settlement Class Members who are listed on **Exhibit A** annexed hereto. The requests for exclusion of Jillian Milnes and Jonathan Townsley are hereby denied.

22. The Parties are directed to perform all obligations under the Settlement Agreement in accordance with its terms and provisions.

23. The Parties and all Settlement Class Members are hereby bound in all respects by the terms and conditions of the Settlement Agreement, including but not limited to the Released Claims against all Released Parties contained therein, and the Plaintiffs and each and every Settlement Class Member shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, completely and forever released, acquitted and discharged all Released Parties from all Released Claims as set forth in the Settlement Agreement, except for the eighteen (18) persons identified in Exhibit A who have timely and properly excluded themselves from the Settlement Class.

24. The Action is hereby dismissed with prejudice and without costs.

25. Neither this Settlement, the Settlement Agreement, its negotiations, any agreements, documents, submissions and Orders relating thereto, nor this Final Order and Judgment, shall, in any way, constitute, be deemed to constitute, be construed

as, be argued as, or be considered or admissible as evidence of: (i) an admission by any Party or any Released Parties as to the merits of any allegation, claim or defense that was or could have been asserted in this Action; (ii) any finding of either fact or law as to the merits of any claim or defense that was or could have been asserted in the Action; (iii) an admission or evidence of any liability, wrongdoing or responsibility on the part of the Defendants or any Released Party; and (iv) as evidence, or be offered or admissible as evidence, against any Defendant, Released Party, or the Plaintiffs in any action or proceeding, judicial or otherwise, except as necessary to enforce the terms of the Settlement Agreement and/or this Final Order and Judgment.

26. In the event that any provision of the Settlement or this Final Order and Judgment is asserted by Defendants or any Released Party as a defense (including, without limitation, as a basis for dismissal and/or a stay), in whole or in part, to any claim, suit, action or proceeding brought by a Settlement Class Member or any person acting or purporting to act on behalf of any Settlement Class Member(s) in any forum, judicial or otherwise, that claim, suit, action and/or proceeding shall immediately be stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion.

27. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement

Agreement and this Order and any obligations thereunder.

28. Plaintiffs and each and every Settlement Class Member, and any person or entity acting or purporting to act on behalf of any said Settlement Class Member, is/are hereby permanently barred, enjoined, and restrained from commencing, instituting, pursuing, maintaining, prosecuting, or continuing to pursue, maintain or prosecute, any Released Claim against Defendants and/or any of the Released Parties (including, without limitation, in any individual, class/putative class, representative or other action or proceeding, directly or indirectly, in any judicial, administrative, arbitral, or other forum). This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Order and Judgment, and this Court's authority to enforce and effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. However, this provision will not bar any communications with, or compliance with requests or inquiries from, any governmental authorities.

29. Without affecting the finality of this Final Order and Judgment, this Court hereby retains exclusive jurisdiction, and all Settlement Class Members are hereby deemed to have submitted to the exclusive jurisdiction of this Court, of, over, and with respect to, the consummation, implementation and enforcement of this Settlement and its terms, including the release of claims therein, and any suit, action, proceeding (judicial or otherwise) or dispute arising out of or relating to this Final

Order and Judgment, the Settlement Agreement and its terms, or the applicability of the Settlement Agreement. This exclusive jurisdiction includes, without limitation, the Court's power pursuant to the All Writs Act, 28 U.S.C. § 1651, or any other applicable law, to enforce the above-described bar and injunction against the pursuit, commencement, maintenance, prosecution, and/or continuation of any Released Claim against any Defendant or Released Party.

**IT IS SO ORDERED AND ADJUDGED.**

Dated: __9/18/2024__                                            _____
                                                                                Hon. Esther Salas
                                                                                United States District Judge